

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 9:04-CR-46** |
| | § | |
| **DAVID PARROZZO** | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, David Parrozzo, violated conditions of supervised release imposed by Chief United States District Judge Thad Heartfield of the Eastern District of Texas. The Government filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release [Clerk's doc. #22]. The Court conducted a hearing on May 1, 2007, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation

warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On January 6, 2005, the Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, sentenced Defendant after he pled guilty to the offense of Possession of Child Pornography, a Class C felony. Judge Heartfield sentenced Defendant to 27 months imprisonment and 3 years supervised release subject to the standard conditions of release, plus several special conditions to include: (1) the Court recommends a facility where the defendant may receive sex offender treatment, if deem an appropriate candidate, (2) the defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring lawful employment, (3) Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as

deemed necessary by the treatment provider, (4) Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments to determine appropriate treatment. The defendant shall pay any cost associated with treatment and testing, (5) the defendant shall not have unsupervised contact of any kind with children under the age of 18, (6) The defendant shall not have contact with or use devices that communicate data via modem or dedicated connection and shall not have access to the Internet. The defendant shall not possess or access a computer except at a place of employment, in the course of his or her employment. Such computer shall have no modem or other Internet access device accessible. The defendant shall allow the probation officer to have access to any computer to which he or she has access for the purpose of monitoring this condition,(7) the defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. Section 2256(2).

In addition, the Court imposed a special assessment of $100. On September 13, 2006, David Parrozzo completed his period of imprisonment and began service of the supervision term.

On November 13, 2006, Judge Heartfield modified Mr. Parrozzo's conditions of supervised release to include home detention for a period not to exceed 180 days, to commence immediately. *See Request for Modifying the Conditions or Term of Supervision with Consent of the Offender and Order* [Clerk's doc. #21].

**B. Allegations in Petition**

The United States alleges that Defendant violated the following special condition of supervised release:

*The defendant shall not have unsupervised contact of any kind with children under the age of 18.*

Specifically, on December 15, 2006, Gory Loveday administered a polygraph test in which Mr. Parrozzo admitted that since the commencement of supervision, he has had unsupervised contact with his 3 year-old daughter Katelyn on four occasions. On December 21, 2006, the defendant admitted to the U.S. Probation Office that he had unsupervised contact with his daughter, Katelyn, approximately 3 years old, shortly after his release from federal prison.

**C. Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would proffer the testimony of the individual who administered the above-mentioned polygraph test to the Defendant. He would testify that during the test, Mr. Parrozzo admitted that he had unsupervised contact with his daughter. The Government would also submit the testimony of Mr. Parrozzo's United States Probation Officer. The Probation Officer would also state that Mr. Parrozzo admitted to him that he had unsupervised contact with his daughter in violation of his supervision conditions.

Defendant, David Parrozzo, offered a plea of true to the allegations. Specifically, Mr. Parrozzo agreed with the evidence presented and pled true to the allegation that he had unsupervised contact with his daughter in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a special condition of his supervised release by having unsupervised contact with his three year-old daughter. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).; 18 U.S.C. § 3583(g).

Based upon Mr. Parrozzo's criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from three (3) to nine (9) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years, less any time the Defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* Because Mr. Parrozzo's original offense of conviction was a Class C felony, the maximum term of supervised release that may be imposed in this revocation proceeding is not more than three (3) years, or thirty-six (36) months, less any term of imprisonment imposed for the revocation. 18 U.S.C. § 3583(b)(1). *See also* U.S.S.G. § 7B1.3(g)(2).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir.

2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)).  Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001).  Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable.  *Id.  See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997)(citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions by having unsupervised contact with his three year old daughter.  Mr. Parrozzo voluntarily pled true and agreed with the Court's recommended sentence for that violation.  *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing*.

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release.  The undersigned magistrate further recommends that the District Court order Defendant to serve a term of **eight (8) months imprisonment**, with the recommendation that he be placed in a Federal Medical Center for the term of imprisonment to enable Defendant to receive intense psychological, psychiatric, or mental health treatment.

The Court further recommends that, upon his release from prison, Mr. Parrozzo should be

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

sentenced to a new term of **supervised release for two (2) years, or twenty-four (24) months,** The new term of supervision should be subject to the conditions previously ordered by the District Court on Mr. Parrozzo's original conviction, plus the newly imposed condition of home detention and electronic monitoring that Judge Heartfield imposed with a modification.

Therefore, the new term of supervision should be subject to the following mandatory, standard and special conditions:

" Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

The Defendant shall not unlawfully possess a controlled substance.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the **standard** conditions that have been adopted by the Court, and shall comply with the following **additional** conditions:

The defendant refrain from any unlawful use of a controlled substance. Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall register with the state offender registration agency in any state where the defendant resides, is employed, carries on a vacation, or is as student, as directed by the probation officer.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon,

as defined in 18 U.S.C. § 3563(b)(8)."

Finally, the Court should also impose the additional **special** conditions:

"(1)  the Court recommends a facility where the defendant may receive sex offender treatment, if deem an appropriate candidate,

(2) the defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring lawful employment,

(3) Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed necessary by the treatment provider,

(4) Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments to determine appropriate treatment.  The defendant shall pay any cost associated with treatment and testing,

(5)  the defendant shall not have unsupervised contact of any kind with children under the age of 18,

(6) The defendant shall not have contact with or use devices that communicate data via modem or dedicated connection and shall not have access to the Internet.  The defendant shall not possess or access a computer except at a place of employment, in the course of his or her employment.  Such computer shall have no modem or other Internet access device accessible. The defendant shall allow the probation officer to have access to any computer to which he or she has access for the purpose of monitoring this condition,

(7) the defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. Section 2256(2);

(8) Upon release from imprisonment, the Defendant shall be placed on home detention for a period not to exceed 127 days (for the remainder of the 180 day period imposed by Judge Heartfield prior to revocation), to commence immediately.  During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer.  The defendant shall maintain a telephone at his place of residence without call forwarding, a modem, Caller I.D., call waiting, or portable cordless telephones for the above period.  At the direction of the Probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.  The defendant is to pay the cost associated with his program of electronic monitoring."

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a

magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 5th day of May, 2007.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE