IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 9:04CR46-1 |
| | § | |
| DAVID PARROZZO | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 6, 2013, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant David Parrozzo. The government was represented by Frank Coan, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pled guilty to the offense of Possession of Child Pornography, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 18 and a criminal history category of I, was 27 to 33 months. On January 6, 2005, District Judge Thad Heartfield sentenced Defendant to 27 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include, in part: (1) sex offender treatment at a Court-recommended facility, if deemed an appropriate candidate; (2) participate in a sex offender treatment program, which may include application of physiological testing instruments to determine appropriate treatment; (3) no access to devices that communicate data via a modem or a dedicated connection, and shall not have access to the internet; and (4) a prohibition of the possession or viewing of any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2). On November 13, 2006, the Court modified Defendant's conditions of supervised release to include

a special condition that Defendant be placed on home detention for a period not to exceed 180 days, to commence immediately. During this time, Defendant was to remain at his place of residence except for employment and other approved activities. Defendant was to maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the prescribed period. In addition, Defendant was to wear an electronic monitoring device at the direction of a probation officer.

On May 31, 2007, Defendant's term of supervised release was revoked and Defendant was sentenced to 8 months imprisonment, followed by an additional 2 years of supervised release, pursuant to the same standard conditions of release, as well as the above-mentioned special conditions. Defendant was further subject to an additional special condition to include upon release from imprisonment, a home detention period not to exceed 127 days (the remainder of the 180-day period imposed by Judge Heartfield prior to revocation), to commence immediately. On September 6, 2011, the Court modified Defendant's conditions of supervised release to include another special condition; Defendant was to serve a period of up to 180 days in a community confinement center or community sanction center, until such time Defendant could establish release residence. Home detention was to commence immediately following Defendant's release from the community confinement center. On September 30, 2011, Defendant completed his period of imprisonment and his term of supervised release.

On March 5, 2012, the Court again modified Defendant's conditions of supervised release to include an additional placement at the community corrections center for a period of up to 180 days because Defendant had not been able to establish a release residence. On September 5, 2012, Defendant was released from the community corrections center due to the establishment of a release residence.

Under the terms of supervised release, Defendant was required to: (1) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (2) refrain from associating with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission by a probation officer; and (3) refrain from possessing or viewing any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in U.S.C. § 2256(2).

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by being not being truthful to a probation officer; consorting with a convicted felon without permission from a probation officer; and possessed images in any form of media that depicted sexually explicit content, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may then revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegations set forth above. The government recommended 6 months imprisonment, followed by 3 years supervised release. As a special condition of Defendant's supervised release, Defendant was to complete an additional 6 months in a community reentry center.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant David Parrozzo be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months, followed by 3 years supervised release. As a special condition of Defendant's supervised release, Defendant shall complete an additional 6 months in a community reentry center.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Ron Clark for adoption immediately upon issuance.

**So ORDERED and SIGNED this 7th day of March, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE